Hannah Stone, Esq.
Elizabeth A. O'Halloran, Esq.
MILODRAGOVICH, DALE,
STEINBRENNER & NYGREN, PC
620 High Park Way
PO Box 4947
Missoula, Montana 59806-4947
Telephone: (406) 728-1455
Fax No: (406) 549-7077
*Attorneys for Plaintiff*

FILED APR 22 2011
SHIRLEY E. FAUST, CLERK
_____
Deputy

MONTANA FOURTH JUDICIAL DISTRICT COURT, MISSOULA COUNTY

TERRY LONG,

    Plaintiff,

-vs-

DENVER MATTRESS CO., LLC,

    Defendant.

Dept. No. DV-11-535
Cause No. Dept 2
Robert L. Deschamps, III

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, by and through his counsel of record, and hereby alleges for his Complaint against Defendant as follows:

1. Plaintiff Terry A. Long is and was, at all times relevant to this Complaint, a resident of Missoula County, Montana.

2. Denver Mattress Co., LLC ("Denver Mattress") is a Colorado corporation in good standing with the State of Montana.

3. Denver Mattress maintains a store in Missoula, Montana, located at 3411 North Reserve Street, Missoula, Montana.

**GENERAL ALLEGATIONS**

4. Plaintiff re-alleges Paragraphs 1-3 above as if fully incorporated herein.

5. Plaintiff was originally employed by Defendant on May 27, 2003. Plaintiff was internally promoted and moved to other area stores, most recently as

**COMPLAINT AND DEMAND FOR JURY DUTY - Page 1**

1  Store Manager of the Missoula branch. On May 27, 2010, Plaintiff's employment
2  was summarily terminated.

3      6.    Plaintiff had general managerial and sales responsibilities of the
4  Missoula branch which included sales, recruiting and training new employees,
5  ordering stock, maintaining property, as well as other managerial and
6  administrative duties.

7      7.    In 2009, Terry began working under the supervision of District Sales
8  Manager Ray Marshman ("Marshman"). Prior to Marshman's tenure, Terry had
9  worked under five other District Sales Managers and had been recommended for
10 promotions through them.

11     8.    Marshman began targeting Terry and finding fault in his management
12 style, despite Denver Mattress's National Sales Manager's express direction to
13 "run your store like you own it." Marshman made Terry work holidays and after
14 national training seminars even though all other store managers received these
15 days off.

16     9.    On May 26, 2010, Marshman was visiting Terry's store and in a
17 review of sales receipts from the year allegedly found 17 receipts where products
18 had been sold individually rather than in a kit. Terry explained this was due to
19 customer preference or other legitimate reasons, and in fact received less
20 commission based on these invoices in most cases.

21     10.    Terry was cited with manipulation of paperwork and received a
22 termination notice on May 27, 2010.

23     11.    At the time of his termination, Plaintiff had completed Defendant's
24 probationary period of employment and his employment was not covered by a
25 collective bargaining agreement or a written contract of employment for a specific
26 term.

27
28
**COMPLAINT AND DEMAND FOR JURY DUTY** - Page 2

12. Defendant's rationale for Plaintiff's termination was incongruous with direct instructions relayed by the Defendant with respect to how Terry was to manage his branch.

13. Defendant's rationale for Plaintiff's termination was false and/or based on a misrepresentation of facts resulting from negligent investigation of facts.

14. Due to Defendant's rationale and subsequent action, Plaintiff was forced to undergo several appeals through the Department of Labor to access Unemployment Benefits for which he was entitled. Though Plaintiff was terminated on May 27, 2010, it was not until March 8, 2011 that he was adjudicated as qualified to receive unemployment benefits in large part due to the faulty rationale disclosed to the Unemployment Insurance Division.

15. Due to Defendant's rationale and subsequent action, Plaintiff's access to Unemployment Benefits was delayed and revoked, causing Plaintiff to appeal the decision and prepare and defend his right to these benefits. Plaintiff was additionally forced to pull funds from his retirement and 401K plan to cover expenses during this period.

16. The cessation of benefits, demands for repayment, and subsequent appeals process caused plaintiff to suffer emotional distress.

## COUNT I - WRONGFUL DISCHARGE

17. Plaintiff re-alleges Paragraphs 1- 16 above as if fully incorporated herein.

18. Plaintiff's discharge was not for good cause and was a violation of the Montana Wrongful Discharge from Employment Act, Mont. Code Ann. § 39-2-904(1), because Defendant lacked reasonable job-related grounds for the termination.

**COMPLAINT AND DEMAND FOR JURY DUTY - Page 3**

## COUNT II - NEGLIGENT INVESTIGATION

19. Plaintiff re-alleges Paragraphs 1- 16 above as if fully incorporated herein.

20. Defendant did not confirm facts alleged or independently investigate allegations to determine whether Plaintiff was appropriately performing his job duties.

21. The investigation conducted by the Defendant and/or its agents was conducted negligently and in contravention of Defendant's duty to the Plaintiff.

22. Plaintiff was damaged by Defendant's negligent investigation of his on the job conduct.

23. Plaintiff was forced to exert time and resources to access Unemployment Benefits due to Defendant's negligent investigation of Plaintiff's job performance.

24. Defendant is liable for Plaintiff's damages in relation to the negligent investigation.

WHEREFORE, Plaintiff requests that this Court grant judgment against Defendant as follows:

1. For all remedies and damages under Mont. Code Ann. §39-2-905, including lost wages and loss of other employee fringe benefits, plus interest thereon in an amount to be determined at trial;

2. For damages as a result of Defendant's negligent investigation of Plaintiff's job conduct;

3. For damages for emotional distress as a result of Defendant's negligent investigation;

4. For costs of suit; and,

5. For such other and further relief as this Court deems just and proper.

**COMPLAINT AND DEMAND FOR JURY DUTY** - Page 4

DATED this 22nd day of April, 2011.

>MILODRAGOVICH, DALE,
>STEINBRENNER & NYGREN, P.C.
>P.O. Box 4947
>Missoula, MT 59806-4947
>Telephone: (406) 728-1455
>Fax: (406) 549-7077
>Attorneys for Plaintiff
>
>By: _____
>    Hannah Stone

12637/2(ba:kjb)

L:\worldox\DOCS\CLIENTFL\12637\002\CMP\00249386.WPD

**COMPLAINT AND DEMAND FOR JURY DUTY** - Page 5